# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| CHARLES EVERETT WILLIAMS, | ) | | |
|---|---|---|---|
| Movant, | ) | | |
| v. | ) | Case No. | CV611-108 |
| | ) | | CR610-021 |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## ORDER

Charles Everett Williams moves to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255, alleging that his counsel was ineffective for disregarding his direct instruction to file an appeal on his behalf. (Doc. 4 at 15.) The government has provided an affidavit by Williams' attorney, Peter D. Johnson, contradicting Williams' assertions. (Doc. 8-1.) It concedes, however, that a hearing is required on his claim. (Doc. 8 at 1, 8.)

Under Rule 8(c) of the Rules Governing Section 2255 Proceedings, Williams is entitled to the appointment of counsel pursuant to 18 U.S.C. § 3006A(g) to represent him at the evidentiary hearing. The Clerk is

therefore **DIRECTED** to prepare the necessary paperwork for appointment of counsel and to schedule a hearing on this matter. The parties are advised, however, that the sole issue at the hearing will be Williams' claim that his counsel was ineffective for failing to file a direct appeal and the related matter of whether Johnson properly consulted with him in accordance with *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 481 (2000).[1] The Court will not entertain any argument or testimony pertaining to any of movant's other allegations.

    **SO ORDERED** this  7th  day of March, 2012.

*/s/ G.R. Smith*<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA

---

[1] Based upon Williams' affidavit, the Court suspects that his request for Johnson to file an appeal came far too late to set forth a valid claim that his attorney failed to file an appeal based upon his direct instructions; according to Williams, he could not reach his attorney to request an appeal until months after sentencing. (Doc. 10 at 2.) Nevertheless, the affidavit suggests that Johnson failed to consult with Williams about his appellate rights.