UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | | |
|---|---|---|---|
| CHARLES EVERETT WILLIAMS, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV611-108 |
| | ) | | CR610-021 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMENDATION

Despite having waived his right to appeal (except under limited circumstances not applicable here) or collaterally attack his federal conviction and sentence as part of his guilty plea, Charles Everett Williams has filed this 28 U.S.C. § 2255 motion attacking his 60-month sentence for unlawful use of a cellular telephone to further the sale of crack cocaine. (Doc. 1.[1]) The government responds that Williams' waiver of his right to collaterally attack his conviction and sentence "on any ground" precludes consideration of all claims raised in his § 2255

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV611-108. "Cr. doc." refers to documents filed under movant's criminal case, CR610-021.

motion, save one -- that his defense attorney failed to file a direct appeal of his conviction after Williams instructed him to do so. (Doc. 8.) In reliance on past rulings from this Court that such claims survive a collateral attack waiver, the government asked the Court to hold an evidentiary hearing on this disputed factual issue (noting that Williams' defense attorney has furnished an affidavit denying that he was ever instructed to file an appeal). *See Simmons v. United States*, 2012 WL 1499469 (S.D. Ga. Apr. 23, 2012) (even a defendant who has waived both his right to a direct appeal and to collaterally attack his conviction may bring a § 2255 motion asserting that his attorney failed to file a direct appeal despite instructions to do so, for an attorney who ignores such a request is per se ineffective and prejudice is presumed) (citing *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005)); *see Roberson v. United States*, 211 WL 6032962 (S.D. Ga. Nov. 30, 2011).

The Court appointed counsel to represent Williams and scheduled an evidentiary hearing to resolve this limited factual issue. (Doc. 12.) At that hearing, however, Williams readily acknowledged that he had *never* asked his defense attorney to file a direct appeal. Rather, he

explained that a prison writ-writer had prepared his § 2255 motion and had incorrectly asserted that he had directed counsel to file an appeal when, in fact, he desired only for counsel to file a motion for sentence reduction. Williams, of course, should not have signed a § 2255 motion that misrepresented his understanding of the facts. Had he corrected the writ-writer's drafting error to delete the failure-to-appeal assertion, this Court would not have scheduled this matter for a hearing and, hence, would not have appointed counsel to represent Williams. So, Williams' oversight has wasted the considerable time and resources of both the Court and the attorney hired at public expense to address an issue that is not even in the case.[2]

Williams, represented by Peter Johnson during his criminal case, negotiated a favorable plea agreement with the government that resulted in the dismissal of serious drug charges that exposed him to a possible sentence of life imprisonment in exchange for his plea to the unlawful use of a telephone, carrying only a 5-year maximum sentence. As part of that plea agreement Williams made the following waiver:

---

[2] It was apparent from his testimony that Williams is not a sophisticated person. He was earnest, however, and the Court is satisfied that he did not sign his motion with intent to deceive or mislead.

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly *waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Cr. doc. 10 at 7 (emphasis added).) During the change of plea hearing, the district judge elicited testimony from Williams that he had read the plea agreement, reviewed it with counsel, and understood what it meant. (Cr. doc. 21 at 25-26.) After the prosecutor explained the terms of the waiver, the district judge addressed Williams as follows:

> *Q. (By the Court)* All right. Do you understand what [the Assistant U.S. Attorney's explanation of the waiver] means? Let me see if I can simplify it. You may not appeal if I sentence you within the Federal Sentencing Guidelines. You may not later attack your sentence by claiming that your lawyer misled you or did not adequately represent you, or that some of these police officials or the United States Attorney did not comply with the law and accord you all of your rights, or withheld something that was your right to receive.

All of that is wiped off if I approve your plea hear today. Do you understand that?

*A.* Yes, sir.

(Cr. doc. 21 at 25-26.) Nowhere in his § 2255 motion has Williams contested the validity of this waiver.

Where, as here, "a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serves to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel." *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (citing *United States v. Williams*, 396 F.3d 1340, 1342 (11th Cir. 2005)). The record conclusively establishes that Williams knowingly and voluntarily waived both his right to a direct appeal and his right to collaterally attack his sentence "on any ground." Williams' § 2255 motion, therefore, must be **DENIED**.

**SO REPORTED AND RECOMMENDED** this *19th* day of June, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA